UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR BANK FRAUD INVESTIGATION | ML No: 1:19-ml-00022 |

Reference: CRM-182-65924

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Georgia. In support of this application, the United States asserts:

RELEVANT FACTS

1.      On October 2, 2018, the Office of the Chief Prosecutor, Ministry of Justice of Georgia submitted a request for assistance (the Request) to the United States, pursuant to the principles of comity and reciprocity. As stated in the Request, the Office of the Chief Prosecutor in Georgia is investigating Lia Dolidze and the company Marsel LLC for fraud and money laundering, which occurred between in or about March 1, 2018 to July 4, 2018, in violation of

1

the criminal law of Georgia specifically, Articles 180 and 194 of the Criminal Code of Georgia, respectively. Although the United States has no treaty obligation to assist Georgia, it generally does so as a matter of comity.

2. According to Georgian authorities, Marsel LLC owns a hotel and a hotel room booking website (the Marsel LLC website), whose registered founder, owner, and director is Georgian citizen Lia Dolidze (Dolidze). Marsel LLC has a bank account at JSC TBC Bank in Georgia, opened on April 26, 2017. According to JSC TBC Bank representatives, JSC TBC Bank received fraudulent transaction reports associated with 21 transactions conducted from 19 bank cards, registered to banks in the United States, to Marsel LLC's bank account. Through these 19 bank cards, over the course of 21 transactions, a total of USD 24,317.00 was transferred to the Marsel LLC bank account during the May 15, 2018 through July 4, 2018 time period. Lawfully obtained bank records also shows that Dolidze withdraws large amounts of the transferred funds, with a listed purpose of the withdrawal as "entrepreneurial costs."

3. Following the review of the bank records, Georgian authorities interviewed Dolidze. According to Dolidze, the purpose of the hotel-booking website was to defraud customers by processing fictitious bookings at the hotel owned by Marsel LLC. Dolidze further confirmed that the hotel owned by Marsel LLC remained vacant with no guests. According to Dolidze, once the Marsel LLC website processed a hotel reservation and a payment was made to the Marsel LLC bank account at JSC TBC Bank, she would quickly withdraw the funds and give the funds to her co-conspirators, and receive a percentage as her payment. These co-conspirators would then use the customer's identity information from the Marsel LLC website to fraudulently book other hotel rooms, and further facilitate the fraudulent transfer of funds from the customer's bank cards, unbeknownst to the customer.

4. Following the interview of Dolidze, on July 31, 2018, Georgian authorities lawfully obtained additional bank records which indicated fraudulent transactions associated with additional bank cards issued by U.S. banks. The list below shows the total number of U.S. accounts that were fraudulently charged as a part of Dolidze's course of conduct:

- Citibank N.A.: XXXXXXXXXXXX6869, XXXXXXXXXXXX4210, XXXXXXXXXXXX1164, XXXXXXXXXXXX6182, XXXXXXXXXXXX0743, XXXXXXXXXXXX4339, XXXXXXXXXXXX0787, and XXXXXXXXXXXX1595;

- Chase Bank, N.A.: XXXXXXXXXXXX0922 and XXXXXXXXXXXX0322;

- Citizens Bank: XXXXXXXXXXXX0066;

- Central Bank: XXXXXXXXXXXX2231 and XXXXXXXXXXXX5295;

- Ameris Bank: XXXXXXXXXXXX0087, XXXXXXXXXXXX7925, and XXXXXXXXXXXX7069;

- First National Bank of Central Texas: XXXXXXXXXXXX8991 and XXXXXXXXXXXX0440;

- Verity Credit Union: XXXXXXXXXXXX4784;

- Muncy Bank and Trust: XXXXXXXXXXXX5758;

- First National Bank of Bellevue: XXXXXXXXXXXX3352;

- Capital City Bank: XXXXXXXXXXXX1382;

- Bank of Hawaii: XXXXXXXXXXXX7007 and XXXXXXXXXXXX2031;

- First National Bank of Pennsylvania: XXXXXXXXXXXX2243, XXXXXXXXXXXX4759, XXXXXXXXXXXX4236, and XXXXXXXXXXXX5994;

- Missouri Bank and Trust of Kansas City: XXXXXXXXXXXX8623;

- Webster Bank, N.A.: XXXXXXXXXXXX6534, XXXXXXXXXXXX7832, and XXXXXXXXXXXX5755;

- Landmark Bank: XXXXXXXXXXXX9582;

Case 1:19-ml-00022-DAR   Document 1   Filed 01/04/19   Page 4 of 12

- Firstbank: XXXXXXXXXXXX2539;

- Great Western Bank: XXXXXXXXXXXX7365;

- Guaranty Bank and Trust Company: XXXXXXXXXXXX1543;

- American Savings Bank F.S.B.: XXXXXXXXXXXX0144;

- Cadence Bank, N. A.: XXXXXXXXXXXX9852;

- Pine Bluff National Bank: XXXXXXXXXXXX3095;

- Charles Schwab Bank: XXXXXXXXXXXX9513, XXXXXXXXXXXX4386, XXXXXXXXXXXX8685, XXXXXXXXXXXX5607, and XXXXXXXXXXXX5059;

- Dacotah Bank: XXXXXXXXXXXX6619;

- Florida Community Bank, N.A.: XXXXXXXXXXXX3647

- Wilmington Savings Fund Society, F.S.B.: XXXXXXXXXXXX6073 and XXXXXXXXXXXX4401;

- Lone Star National Bank: XXXXXXXXXXXX6844

- Lakeland Community Credit Union: XXXXXXXXXXXX4402

- National City Bank: XXXXXXXXXXXX0232 and XXXXXXXXXXXX1696;

- First Tennessee Bank, N.A.: XXXXXXXXXXXX0824; and

- Kitsap Bank: XXXXXXXXXXXX7095

5.      To further the investigation, Georgian authorities have asked U.S. authorities to provide bank records pertaining to account numbers identified in paragraph 4 and to compel the associated account holders to submit to an interview.

## LEGAL BACKGROUND

6. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
>       \*            \*            \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
>       \*            \*            \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[3] Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

---

3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

9. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

10. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Office of the Chief Prosecutor, Ministry of Justice, Georgia, the designated Central Authority in Georgia and seeks assistance in the investigation of fraud and money laundering, criminal offenses in Georgia. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interviews, falls squarely within that contemplated by Section 3512. Finally, this application was properly filed in the District of Columbia.

11. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12.     When executing a foreign request for assistance in a criminal matter, Section 3512, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent

supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Philip R. Mervis
        Trial Attorney
        FL Bar Number 41633
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C. 20530
        (202) 616-2718
        Philip.Mervis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR *[Insert Nature of Case/Investigation]* | ) ) ) ) ) ) ) |

*Reference:*   *[Insert DOJ#]*
**_(Please repeat when responding.)_**

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert Country]*, command that you provide the following documents regarding (an) alleged violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation of Section *[Insert Number]* of the *[Insert Country Adjective]* *[Criminal][Penal]* Code.

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to *[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records and/or appear for testimony, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                                                                              _____
COMMISSIONER
*[Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) *[Telephone Number]*
*[Email Address]*

2